IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV357-03-MU

| | |
|---|---|
| DENNIS VAN DYKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER O'DONELL, JR DAVIS, DAN GOOD, ) | |
| JAMES FISH, KAY YOUNG) ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 9, 2005. (Document No. 1.)

Plaintiff alleges in his Complaint that JR Davis, a Forest City Police Officer conspired with Rutherford County Detention Center Officer O'Donell on December 31, 2004 to push him down the steel steps causing injuries. Plaintiff further alleges that JR Davis wrote false charges against him causing him to be incarcerated for a period of over one year. Furthermore, Plaintiff alleges that JR Davis blackmailed and assaulted Plaintiff and also threatened Plaintiff and his family. Plaintiff also alleges that JR Davis caused him to become "hooked" on ICE and cocaine. Plaintiff alleges that Sheriff Dan Good failed to discipline Officer O'Donell for pushing him down the stairs and James Fish and Kay Young failed to take him to the hospital after Officer O'Donell pushed him down the stairs and allowed him to suffer for three days in his own urine and stool .

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. While Plaintiff claims that he has exhausted his administrative remedies, it is not clear to this Court that

he has done so and if so, it is not clear that he has done so with respect to all of the defendants named in this lawsuit. This Court directs the state in its answer to address the exhaustion issue and specifically detail the grievance procedure at Rutherford County Detention Center and what efforts, if any, Plaintiff has made toward exhausting the grievance procedure.

With respect to Defendant Dan Good, Rutherford County Sheriff, Plaintiff contends that Sheriff Good did not "do anything about O'Donell pushing me down the stairs and refusing to make a report on my Breaking an entry an Grand Thief auto [sic] after being notified by mail an [sic] phone." (Complaint at 5.) First, the Court cannot make sense of Plaintiff's claim regarding grand theft auto report. Plaintiff does not explain and the Court is not required to "accept without question the truth of plaintiff's allegations." Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). Next, Plaintiff's claim that Sheriff Good did not "do anything about O'Donell pushing [him] down the stairs" does not state a claim for relief under 28 U.S.C. § 1983. Therefore, the claims against Sheriff Good are dismissed and Sheriff Good is dismissed from this lawsuit..

With respect to the allegations against JR Davis, Forest City Police Officer, Plaintiff contends that JR Davis got him hooked on drugs, wrote false charges against him causing him to be incarcerated, blackmailed and assaulted him and threatened his family. The court has the authority to dismiss claims that are obviously "fantastic" or "delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Here, not only are Plaintiff's claims against Defendant Davis "fantastic" they are conclusory and a plaintiff "must present more than naked allegations" to survive dismissal. Id. Therefore, the Court will dismiss all claims against JR Davis except the claim that JR Davis conspired with Officer O'Donell to push Plaintiff down the stairs. According to Plaintiff's Complaint, when Officer O'Donell pushed Plaintiff down the stairs, she said "Did you get the message from the stairs quit writing statements on JR Davis. JR said quit writing statements on

him." This allegation is sufficient to require Jr Davis to file an answer to Plaintiff's Complaint on this claim.

After careful review of the remaining allegations in Plaintiff's Complaint, the undersigned finds that the Defendants should file an Answer detailing Plaintiff's allegations as to Defendants JR Davis, Officer O'Donell, James Fish and Kay Young and responding to each.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1. Defendant Dan Good is dismissed;

2. All claims against JR Davis, except the claim that JR Davis conspired with Officer O'Donell to push Plaintiff down the stairs, are dismissed;

3. No later than forty (40) days from the filing of this Order, the Defendants shall file an Answer to Plaintiff's Complaint, detailing all of Plaintiff's allegations and responding to each.

4. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost.

_____

**Signed: March 20, 2006**

Graham C. Mullen
Chief United States District Judge