IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV357-03-MU

| | | |
|---|---|---|
| DENNIS VAN DYKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| OFFICER O'DONNELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the Court's own motion.

According to the record, on December 9, 2005 Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983 alleging that Defendant JR Davis, a Forest City Police Officer conspired with Rutherford County Detention Center Officer O'Donell on December 31, 2004 to push him down the steel steps causing injuries. Plaintiff further alleges that JR Davis wrote false charges against him causing him to be incarcerated for a period of over one year. Furthermore, Plaintiff alleges that JR Davis blackmailed and assaulted Plaintiff and also threatened Plaintiff and his family . Plaintiff also alleges that JR Davis caused him to become "hooked" on ICE and cocaine. Plaintiff alleges that Sheriff Dan Good failed to discipline Officer O'Donell for pushing him down the stairs and James Fish and Kay Young failed to take him to the hospital after Officer O'Donell pushed him down the  stairs and allowed him to suffer for three days in his own urine and stool .

On March 20, 2006 this Court issued an Order dismissing Sheriff Dan Good; dismissing

1

all claims against JR Davis except the claim that JR Davis conspired with Officer O'Donnell to

push Plaintiff down the stairs  and directing JR Davis and the remaining defendants to file an

Answer.  Defendant JR Davis filed his Answer on April 27, 2005 denying the material

allegations pf Plaintiff's Complaint and asserted the affirmative defenses of sovereign, qualified

and public immunity, and failure to state a claim on which relief can be granted.  Defendant JR

Davis further asserts that he is entitled to immunity under the Eleventh Amendment and that the

Prisoner Litigation Reform Act somehow bars the Plaintiff's claims.  Defendants O'Donnell,

Fish and Young filed an Answer on May 1, 2006.  They also deny the material allegations of

Plaintiff's Complaint and assert that On December 31, 2004 Plaintiff intentionally threw himself

down some stairs within the jail.  When he reached the bottom, he looked up at Officer

O'Donnell, smiled and stated "I'm going to sue you in court for pushing me down the stairs."

Defendants further contend that an inmate standing nearby stated that Plaintiff told him he was

going to fake an injury and blame it on the detention staff.  Defendants also contend that Plaintiff

did not appear injured from the fall nor did he complain of an injury to the jail nurse who was

seeing him almost every day to deliver his anti-psychotic and behavioral control medications.

Defendants expressly deny that Plaintiff was left to suffer in his own urine and stool for three

days or at all.  Defendants also assert the affirmative defense of qualified immunity, failure to

state a claim for relief, and failure to exhaust.  Defendants also contend that Plaintiff is barred

and estopped from recovery under the doctrine of estoppel and barred from recovery for his

failure to mitigate damages.

Accordingly, by the instant Order, the Court advises the parties that dispositive motions,

particularly motions for summary judgment, must be filed within forty-five (45) days of the date

of this Order.  In the event that the parties choose not to file any such motions, they should advise the Court of that fact within twenty (20) days of the date of this Order.  Furthermore, inasmuch as the plaintiff is appearing <u>pro se</u>, the Court specifically advises him that under the provisions of Rule 56(a) of the Federal Rules of Civil Procedure, he may "move with or without supporting affidavits for a summary judgment" in his favor upon all or any portion of his claims.

**NOW, THEREFORE, IT IS ORDERED**:

1. That the parties have forty-five (45) days from the date of this Order in which to file any dispositive motions which they may choose to file.

2. In the event that either party chooses not to file a dispositive motion, such party shall advise the Court of that decision within twenty (20) days of the date of this Order.

3. That the Clerk shall provide plaintiff with a copy of Rule 56 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: May 2, 2006

Graham C. Mullen
United States District Judge

3