IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV357-03-MU

| DENNIS VAN DYKE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| OFFICER O'DONNELL, R.J. DAVIS, JAMES FISH, KAY YOUNG | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 9, 2005 (Document No. 1.), Defendant R.J. Davis' Motion for Summary Judgement, (Document No. 22), Defendants O'Donnell, Fish and Young's Motion for Summary Judgement (Document No. 23) and Plaintiff's Opposition to Defendants' Motions for Summary Judgment (Document No. 28.)

### PROCEDURAL HISTORY

On December 9, 2005 Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983 alleging that R.J. Davis, a Forest City Police Officer conspired with Rutherford County Detention Center Officer O'Donnell on December 31, 2004 to push him down the steel steps causing injuries. Plaintiff further alleges that R.J. Davis wrote false charges against him causing him to be incarcerated for a period of over one year; blackmailed and assaulted Plaintiff; threatened Plaintiff and his family and caused him to become "hooked" on ICE and cocaine. Plaintiff alleges that Sheriff Dan Good failed to discipline Officer O'Donnell for pushing him down the stairs and James

1

Fish and Kay Young failed to take him to the hospital after Officer O'Donnell pushed him down the stairs and allowed him to suffer for three days in his own urine and stool .

By Order dated, March 20, 2006 (Document No. 4) this Court dismissed Sheriff Dan Good and also dismissed all claims against Defendant R.J. Davis except that he conspired with Defendant O'Donnell to push Plaintiff down the stairs.

On May 22, 2006, Plaintiff filed a second lawsuit against Officer Davis. (See 1:06cv173.) This second Complaint contained some allegations that were similar to those in the original lawsuit as well as numerous additional allegations charging Officer Davis with a series of activities such as shooting out the transformer outside the home of Plaintiff's brother and sister-in-law; stealing the Plaintiff's collection of Elvis memorabilia; unlawfully converting the college fund of Plaintiff's children; and raping the Pro Se Plaintiff. (See summary of allegations in Document No. 4, ft. nt 2, 1:06cv173.) By Order dated June 6, 2006, this Court consolidated the two cases, dismissed Plaintiff's Mark Van Dyke and Donna Medcalf, dismissed Defendants Rutherford Electric Membership Corporation, Winslow and "Police Rape" from the Complaint and dismissed the "new" allegations against R.J. Davis as "fantastic, delusional, conclusory and unsupported." (June 6, 2006 Order, ft. nt. 2.)

On June 1, 2006, Plaintiff filed a third lawsuit. (See 1:06cv172.) Plaintiff alleged that the defendants violated his rights by having subjected him to "fictitious charges," which resulted in his being wrongfully imprisoned and his loss of "six years of freedom." Plaintiff also alleged that the defendants violated his rights by having "had [him] sexually molested" at some point in 2003, and by having damaged his personal property in July 2004 when they "shot up the [electrical] transformer" near his home. This Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. §

1915A(b)(1).

On June 21, 2006, Plaintiff filed a fourth lawsuit. (See 1:06cv192) This time alleging that his court-appointed attorney, Mark McKeller, violated his constitutional rights by not representing him fairly; failing to file various motions; failing to obtain various medications; failing to help him get food in jail when he could not make it to chow hall; and by failing to spend sufficient time with him. Plaintiff also alleged that the United States Marshals and the Federal Government locked him up on fictitious charges and refused to allow him to attend his father's funeral. By Order dated June 28, 2006 this Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. (Document No. 4, 1:06cv192.)

On June 21, 2006, Plaintiff filed a fifth lawsuit. (See 1:06cv195). In this Complaint, Plaintiff alleged a number of bizarre allegations which purportedly support his claims that he has been the victim of "malpractice" and a "conspiracy" while at incarcerated at FMC Butner, in Butner, North Carolina. By Order dated June 28, 2006 this Court dismissed Plaintiff's Complaint because venue was appropriate in the Middle District of North Carolina and not in the Western District which is where this Court is located.

On June 21, 2006, Plaintiff filed a sixth lawsuit. (See 1:06cv196). On June 28, 2006 this Court dismissed Plaintiff's Complaint because venue was appropriate in the Middle District of North Carolina.

On June 21, 2006, Plaintiff filed a seventh lawsuit.(See 1:06cv197.) On June 28, 2006 this Court dismissed Plaintiff's Compliant because venue was appropriate in the Eastern District of North Carolina.

On June 21, 2006, Plaintiff filed a eighth lawsuit against United States District Judge Lacy

Thornburg, Plaintiff's attorney, Rick Foster, United States Probation Officer Scott Aldridge, and R.J.. Davis, Forest City Police Officer. (See 1:06cv200). On June 28, 2006, this Court dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915A(b)(1).

It is clear that Plaintiff has become a frequent filer in this Court. His pleadings are rambling, barely coherent and almost illegible. On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this Court's time and resources. All five of those Complaints were dismissed on initial review for failure to state a claim for relief, frivolousness or failure to file in the proper district. Plaintiff's frequent filings are abusive in that they each require significant time and attention from the Court's legal staff that could be better served on cases that state legitimate constitutional violations. Plaintiff is put on notice that because he has had at least three cases dismissed, in this district alone, as frivolous or for failure to state a claim upon which relief may be granted, <u>he may not file future civil actions or appeal a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district</u> unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### FACTUAL ALLEGATIONS

Plaintiff alleges in his Complaint that R.J. Davis, a Forest City Police Officer conspired with Rutherford County Detention Center Officer O'Donnell on December 31, 2004 to push him down the steel steps causing injuries. Plaintiff further alleges that R.J. Davis wrote false charges against him causing him to be incarcerated for a period of over one year; blackmailed and assaulted Plaintiff; threatened Plaintiff and his family; and caused him to become "hooked" on ICE and cocaine.[1]

---

[1] All of these allegations against Defendant R.J. Davis were dismissed in this Court March 20, 2006 Order (Document No. 4.) The only remaining allegation against R.J. Davis is that he conspired with Officer O/Donnell to push Plaintiff down the stairs.

Plaintiff alleges that Sheriff Dan Good[2] failed to discipline Officer O'Donnell for pushing him down the stairs and James Fish and Kay Young failed to take him to the hospital after Officer O'Donnell pushed him down the stairs and allowed him to suffer for three days in his own urine and stool.

According to Defendants, sometime before the alleged events of December 31, 2004, Plaintiff told fellow inmate James Troy Edwards that he was going to throw himself down the stairs in an attempt to get out of jail by going to the hospital. (Edwards declaration, Ex. A to Defendants' Motion for Summary Judgement.) That afternoon, at about 3:45 p.m., Plaintiff walked up to Officer O'Donnell reached out to hand her what appeared to be a pair of glasses, and then threw himself down an open set of stairs, tumbling to the bottom. Upon reaching the bottom he looked up at O'Donnell, smiled and stated "I'm going to sue you in court for pushing me down the stairs," (O'Donnell Declaration, Ex. B to Defendants' Motion for Summary Judgement.) Plaintiff was then removed from the area by another jailor.

When O'Donnell next saw Plaintiff, he did not show any signs of injury nor did he thereafter complain of injury or being pushed down the stairs until this lawsuit was filed. Three days after the alleged incident, Plaintiff spent the day driving to Dorothea Dix Mental Hospital in Raleigh[3] with a jail supervisor, and never mentioned being pushed down the stairs or having been injured in any way from being pushed down the stairs. (Sherri Simmons Declaration, Ex. E to Defendants' Motion for Summary Judgment.) Plaintiff never mentioned the alleged incident to the jail nurse who saw

---

[2] Sheriff Dan Good was dismissed from this case pursuant to this Court's March 20, 2006 Order (Document No. 4.)

[3] Notably, Plaintiff was taken to Dorothea Dix, the state mental hospital in Raleigh, pursuant to a court order requiring that he undergo a mental competency exam. Plaintiff was not taken to a medical hospital for any injury received while at Rutherford. (See Simmons Declaration, attached to Defendants' Motion for Summary Judgment as Ex. E.)

him on almost a daily basis. (John Blake Declaration, Ex. F to Defendants' Motion for Summary Judgement.)

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard, by its very terms, provides that the mere existence of some alleged factual dispute between the parties will not defeat a properly supported summary judgment motion; rather the rule requires that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Moreover, the moving party has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes will demonstrate the absence of any genuine issue of material fact." Celotex Corp. v. Cateret, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P.56(c)).

In opposing a summary judgment motion, "the non-moving party must do more than present a mere 'scintilla' of evidence in his favor. Rather, the non-moving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence for the non-

6

movant." Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) (quoting Anderson, 477 U.S. at 252). An apparent dispute is "genuine" only if the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor. Id, "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50.

## ANALYSIS

**A. Plaintiff has Not Established an Eighth Amendment Violation**

Plaintiff's claim against Officer O'Donnell that she pushed him down the stairs is essentially the equivalent of an assault or excessive force allegation. Protection against excessive force after conviction is provided by the Eighth Amendment. However, the standards applicable to Eighth Amendment excessive force claims apply with equal force to Fourteenth Amendment (pretrial detainees) excessive force claims. Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993.) When officials stand accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Additionally, an Eighth Amendment violation requires an injury that is something more than de minimus. Riley v. Dorton, 115 F.3d 1159. 1167 (4th Cir. 1997)(en banc).

Here, the Court need not even evaluate whether the force used was excessive because Defendants' evidence establishes that the alleged push down the stairs never occurred.[4] In support of Plaintiff's claim that he was pushed down the stairs by Officer O'Donnell, Plaintiff submitted an

---

[4] Given that the Court has concluded that Defendant O'Donnell did not push Plaintiff down the stairs, there is also no evidence to support a conspiracy between Defendant O'Donnell and Defendant Davis.

7

affidavit of fellow prisoner, Mark Short, who purportedly witnessed the incident. According to the statement, which was attached to Plaintiff's Complaint, Short watched Defendant O'Donnell push Plaintiff down the stairs with such force that it knocked plaintiff "out cold." Short also supposedly witnessed Plaintiff "chained to his bed without water for 60 hours" immediately thereafter. (See Short declaration, attached to Plaintiff's Compliant). However, the Defendants submitted evidence that establishes that Mr. Short neither wrote the statement Plaintiff submitted nor signed it[5]. In fact, the first time Mr. Short had even seen the declaration Plaintiff submitted was on June 6, 2006, well after Plaintiff filed his Complaint. (See Short Declaration attached to Defendants' Motion for Summary Judgment.) Moreover, in response to this Court's Order filed May 4, 2006 setting a deadline for filing dispositive motions, Plaintiff filed yet another purported signed statement from Mr. Short, this one dated May 15, 2006. ((Copy attached as Ex. 2 to Short Declaration). Although much of it is unintelligible, it appears to elaborate on the first statement from 2005. And, like the 2005 statement, it is also a forgery and a fraud. (Short declaration, ¶ 3.) Even comparing the signatures from the two affidavits, it is clear to this Court that the two signatures do not match. Furthermore, Mr. Short was transferred out of Rutherford on January 8, 2005 and the second affidavit purportedly from Mr. Short was dated May, 2006.

Additionally, Plaintiff's own version of the events are not consistent with that of his purported witnesses. For example, Plaintiff alleges that after he was pushed down the stairs by Officer O'Donnell, the Officer stated, "Did you get the message from the stairs. Quit writing statements on J.R. Davis (sic). J.R. (Sic) said quit writing statements on him." (Complaint at 4.)

---

[5] Even the Court can plainly see that the declaration Plaintiff submitted by Mark Short was written and signed in the same handwriting as the Complaint and as many of the other declarations submitted in support of the Complaint.

However, four of the handwritten witnesses statements attached by Plaintiff to his Complaint all state that the fall down the stairs "knocked [Plaintiff] out cold." (See statements Bobby Love, Guary Blakenship, Mark Short and Nate Landran, attached to Plaintiff's Complaint.)

This evidence clearly shows that Plaintiff has falsified evidence. Moreover, Plaintiff told fellow inmates before the alleged incident that he was going to throw himself down the stairs so that he could go to the hospital and thereby get out of jail. (See James Troy Edwards Declaration, attached to defendants' motion for Summary Judgment as Ex. E.)

Given these egregious circumstances, dismissal of Plaintiff's Complaint is appropriate. "[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." US v. Shaffer Co., 11 F.3d 450, 462 (4th Cir. 1993). Additionally, Plaintiff filed his Complaint under 28 U.S.C. § 1915(a), which allows district courts to waive costs and fees in actions filed by in forma pauperis litigants. Section 1915(e)(2), in turn, permits district courts to dismiss suits filed pursuant to § 1915(a) if "the allegation of poverty is untrue, or if the action or appeal is frivolous or malicious; or fails to state a claim on which relief may be granted . . ." According to the Supreme Court, an action is factually frivolous if it is supported by allegations that are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

For the reasons contained herein, this Court finds that Plaintiff's Complaint is frivolous and

therefore is dismissed pursuant to 28 U.S.C. § 1915(e)(2)((B)(I).

Moreover, while Plaintiff claims to have suffered injury as a result of his alleged push down the stairs, he has submitted no evidence supporting any injury.[6] In fact, three days after the alleged incident, Plaintiff spent the day with a jail supervisor driving to Dorothea Dix Mental Hospital in Raleigh for a court ordered mental competency exam, and never mentioned being pushed down the stairs or having been injured in any way from being pushed down the stairs. (Sherri Simmons Declaration, Ex. E to Defendants' Motion for Summary Judgment.) Additionally, Plaintiff never mentioned the alleged incident to the jail nurse who saw him on almost a daily basis. (John Blake Declaration, Ex. F to Defendants' Motion for Summary Judgement.) An Eighth Amendment violation requires something more than a de minimus injury. Here, Plaintiff has not established any injury. Therefore Plaintiff's Complaint is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### B. Plaintiff has Not Exhausted His Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner

---

[6] Nor is there any evidence to support Plaintiff's allegation that Defendants Fish and Kay allowed him to suffer for three days in his own urine and stool. Defendants Fish and Jay are also dismissed for the reasons stated in this Order.

seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

Initially, on Plaintiff's form Complaint, Plaintiff alleged that "grievance forms" were filed with James Fish. However, Defendant Fish contends that the only thing he received from Plaintiff were "delusional" letters accusing the Sheriff and local police of dealing drugs "and other such nonsense." (Fish Declaration, Attached to Defendants' Motion for Summary Judgment as Ex. C.) Then, in response to this Court's March 17, 2005 Order directing Plaintiff to file a sworn statement "showing exhaustion of remedies or a copy of the grievance itself," Plaintiff filed a "verified statement" on March 24, 2006 asserting that he did not believe he had "administrative remedies available" because he was no longer housed in Rutherford County Jail.

As set out in the declaration of Sherri Simmons, the Chief Jail Administrator for the Rutherford County Jail, the Rutherford County jail had a written policy at the time of the alleged incident which provided inmates a means of redress against alleged "abuse, neglect or mistreatment by staff or other inmates." Ms. Simmons explained that the policy provides a procedure for grievance adjudication that includes submission of the grievance to any detention officer, prompt review by the shift supervisor, a written response to the inmate, and further right of written appeal to the Sheriff. (See copy of Inmate Grievance System Policy ¶¶ 5-7, attached as Ex. 1 to Simmons Declaration.) The policy further provides that a grievance must be submitted within five days of the complained event. (Inmate Grievance System Policy ¶ 5(D).) Ms. Simmons "checked the jail's records and was unable to find any evidence that Plaintiff ever submitted a grievance complaining

about being pushed down the stairs on December 31, 2004 or at any time, or complaining he was thereafter denied medical treatment or proper personal hygiene." (Simmons Declaration, ¶ 3.)

It appears that Plaintiff has not availed himself of the administrative remedy procedure at Rutherford County Jail. That being so, the PLRA mandates dismissal of Plaintiff's Complaint.

### C. Plaintiff is Barred From Filing Future Complaints

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action under this statute, if on three or more occasions, he has brought an action or an appeal in the federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because Plaintiff has had at least three cases dismissed, in this district alone, as frivolous or for failure to state a claim upon which relief may be granted, Plaintiff is hereby put on notice that he may not file future civil actions or appeal a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1) Defendant R.J. Davis' Motion for Summary Judgement is <u>GRANTED</u>.

2) Defendant O'Donnell, Fish, and Young's Motion for Summary Judgement is <u>GRANTED</u>.

3) Plaintiff's Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: August 1, 2006

Graham C. Mullen
United States District Judge

_____